NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXIMINO GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1857 <br><br> Agency No. <br> A092-805-339 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Mr. Maximino Gomez appeals the Immigration Judge's (IJ) and the Board

of Immigration Appeals' (BIA) (collectively, the "Agency") denial of his

application for asylum, withholding of removal, and protection under the

Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We deny the petition.[1]

We review the Agency's factual findings underlying the denial of asylum, withholding of removal, and CAT relief for substantial evidence.  *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  "We review legal conclusions *de novo*."  *Id.* (citation omitted).

1.      Mr. Gomez's asylum application is time-barred by the 1-year filing requirement.  *See* 8 U.S.C. § 1158(a)(2)(B).  Contrary to the Government's assertions, we have jurisdiction to review whether Mr. Gomez "applied for asylum within one year of arriving in the United States [where] the underlying facts are undisputed."  *Lin v. Holder*, 610 F.3d 1093, 1096 (9th Cir. 2010) (per curiam).  This includes whether Mr. Gomez qualifies for the changed or extraordinary circumstances exceptions to the 1-year requirement under 8 U.S.C. § 1158(a)(2)(D).  *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).  The record shows that Mr. Gomez's most recent entry was in 1993, he lacked TPS status between at least 2005 and 2010, and he did not apply for asylum until June 2010.  A change in TPS protection can qualify as "extraordinary circumstances," 8 C.F.R. § 208.4(a)(5)(iv), but the record indicates that Mr. Gomez did not have TPS until August 2011, a year *after* he applied for asylum.  Even if we look only at the time-period between when his earlier TPS

---

[1]      We deny as moot the contested Motion To Stay Removal (Dkt. No. 2).

application was denied in 2005 and his asylum application in 2010, he fails to justify the 5-year delay or explain why it was reasonable. Mr. Gomez is therefore ineligible for asylum.[2]

2. Substantial evidence supports the BIA's conclusion that Mr. Gomez failed to show a fear of persecution on account of a protected ground to support his withholding claim. Mr. Gomez testified that he and his family have never been harmed, and that he fears only "generalized violence" in El Salvador based on what he has heard in the news. *See, e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

3. Substantial evidence also supports the Agency's denial of CAT protection. Mr. Gomez fails to make any showing that it is more likely than not that he will be tortured, or that the government will participate or acquiesce to any torture. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) (discussing the state action requirement).

**PETITION DENIED.**

---

[2] We disagree with the Government that Mr. Gomez did not exhaust his remedies regarding the 1-year requirement. Though Mr. Gomez did not focus on the time-bar issue in his appeal to the BIA, his notice of appeal and briefing were sufficient to "apprise the BIA" of the challenge, evidenced by the BIA's express discussion and ruling on the 1-year filing issue. *See Shen v. Garland*, 109 F.4th 1144, 1157–58 (9th Cir. 2024); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).